IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AMANDA LEMON,

        **Plaintiff,**

   v.

ALISTAIR ECONOMAKIS,

        **Defendant.**
-------------------------------------------------------------x

Civil Action No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Amanda Lemon, by and through her undersigned counsel, complain against Defendant Alistair Economakis ("Mr. Economakis" or "Defendant") for declaratory and injunctive relief, as well as monetary damages, to redress the deprivation of rights secured to plaintiff by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, N.Y. Labor Law § 215, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142, as set forth below.

### PARTIES, JURISDICTION, AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as this action involves federal questions regarding Plaintiff's rights under the FLSA.

3. Venue herein is proper under 28 U.S.C. § 1391(b) as this action arose within this District where the unlawful employment practices alleged herein occurred, many of the records pertinent thereto are maintained, and Defendant resides in this district.

4. This Court has supplemental jurisdiction over Plaintiff's state wage and hour law under 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

5. Defendant Alistair Economakis resides at 47 East 3rd Street, New York, New York, 10003.

6. Plaintiff Amanda Lemon resides at 100 West 94th Street, New York, New York, 10025.

7. During all relevant times herein, Plaintiff was an "employee" as defined within the meaning of the Fair Labor Standards Act and the New York Minimum Wage Act.

8. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of FLSA, 29 U.S.C. § 203 and New York State Wage and Hour law.

## FACTS

9. In or about January 2007, Plaintiff began working for Defendant as a live-in nanny.

10. Plaintiff worked approximately 60-65 per week for Defendant.

11. Plaintiff was not compensated at one and a half times her regular pay rate for the hours she worked in excess of 40 per week.

12. In or about January 2008, Plaintiff raised the issue of her compensation several times with Defendant.

13. Defendant stated, "No law is going to tell me what I can and cannot do in my own house."

14. Defendant's wife then told Plaintiff that she no longer felt safe entrusting Plaintiff with her children.

## COUNT I

### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*)

15. Plaintiff realleges and incorporates by reference all previous paragraphs as though set forth in full herein.

16. Pursuant to the FLSA, it is unlawful for an employer, such as Defendant, to suffer or permit an employee to work without paying wages for all hours worked.

17. Plaintiff is entitled to overtime compensation for all overtime hours worked, pursuant to the FLSA.

18. Defendant did not pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

19. By failing to compensate Plaintiff overtime for hours of work she performed in excess of forty (40) hours per week as required by FLSA, Defendant violated FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

20. The foregoing conduct, as alleged, constitutes a willful violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

21. Plaintiff seeks recovery of attorneys' fees and costs of action, to be paid by Defendant, as provided by FLSA, 29 U.S.C. § 216(b).

22. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. § 216(b).

## COUNT II

### (New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, §§ 141 and 142 )

23. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

24. It is unlawful for an employer, such as Defendant, to suffer or permit a non-exempt employee to work without paying special overtime wages for all hours worked, including overtime wages for work in excess of forty (40) hour workweeks.

25. Plaintiff was not properly compensated for hours that she worked in excess of forty (40) hours per week.

26. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

27. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by NY. Lab. Law §663-6, prejudgment interest, and costs and attorneys' fees pursuant to statute.

## COUNT III

### (New York Labor Law- Retaliation- New York Labor Law § 215)

28. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

29. Defendant willfully and unlawfully retaliated against Plaintiff for her execution of protected activities, namely her request to be compensated according to New York Law.

30. Defendant's retaliatory conduct violated the New York Labor Law § 215.

31. As a direct and proximate consequence of Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

32. As a direct and proximate consequence of the Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of New York State and the FLSA;

b. Monetary damages including, but not limited to, lost income, including past salary, in an amount to be determined at trial, together with interest thereon (both pre- and post-judgment) from the time of the initial loss until satisfaction of judgment, and liquidated damages;

c. Backpay, front pay, reinstatement, and any other remedies available by law;

d. The costs of this action, together with reasonable attorneys' fees;

e. Such other and further relief as to this Court appears necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       May 21, 2008

>                                   Respectfully submitted,
>                                   Joseph and Herzfeld, LLP
>
>                                   By: _____
>                                   D. Maimon Kirschenbaum, (DK-2338)
>                                   Joseph and Herzfeld, LLP
>                                   757 Third Avenue
>                                   Suite 2500
>                                   New York, New York 10017
>                                   212-688-5640 *phone*
>                                   212-688-2548 *fax*
>
>                                   *Attorneys for Plaintiff*